UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BONNIE MAGLIO,

                         Plaintiff,

    v.                                         Civil Action No. _____

MERCANTILE ADJUSTMENT BUREAU, LLC

                          Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Bonnie Maglio is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Mercantile Adjustment Bureau, LLC (hereinafter "MAB") is a domestic limited liability corporation organized and existing under the laws of the State of Texas and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a medical bill. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter allegedly defaulted on the subject debt.

12. That upon information and belief Defendant was employed to collect on the subject debt.

13. That in or about 2001, Plaintiff was injured at a local restaurant. The manager of the restaurant called an ambulance to assist the Plaintiff. Plaintiff at first refused the assistance but the manager told her that his restaurant would be responsible for any medical bills from her injuries.

14. That in or about December of 2013, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

15. During one of aforementioned calls, Plaintiff explained the situation to the Defendant and told them that she does not owe the money. Defendant called Plaintiff a "deadbeat" and then stated that they would "get the money dead or alive; when you die we will get it out of your estate."

16. That in or about December, 2013, Defendant began calling Plaintiff's elderly ill husband at his assisted living residence disclosing the debt to him and her son. Said messages left by Defendant state that they are looking for John Maglio in connection with an attempt to collect a debt. Plaintiff's husband does not owe the subject debt that Defendant is calling him for.

17. That Plaintiff repeatedly informed Defendant to stop calling her sick husband but despite such requests, Defendant continued to call him.

18. That despite Defendant's statements, they had not been authorized by the original creditor to pursue any legal action against Plaintiff, and did not intend to do so.

19. Defendant did not give the mini-Miranda warning during each communication with Plaintiff.

20. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

21. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above.

22. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(2) by disclosing the existence of the alleged subject debt to Plaintiff's son.

   B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by calling the Plaintiff and/or her husband of which the natural consequence is to harass, oppress, or abuse the Plaintiff and/or her husband by causing the phone to ring or engage any person in telephone conversations repeatedly.

   C. Defendant violated 15 U.S.C. §1692e(2) by making the false and/or misleading representations that the debt is her husband's debt.

   D. Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(1), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and15 U.S.C. §1692f(1) by a calling the Plaintiff a "deadbeat" and stating that they would "get the money dead or alive; when you die we will get it out of your estate."

   E. Defendant violated 15 U.S.C §1692e(11) by failing to communicate the mini-Miranda warning.

   F. Defendant violated 15 U.S.C. §1692g by failing to send the consumer a 30-day validation notice within five days of the initial communications.

23. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

3

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 21, 2013

_____

Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
      khiller@kennethhiller.com